IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARCELLUS HAYNES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LONGVIEW INDEPENDENT SCHOOL DISTRICT, and MICHAEL MCFARLAND, | § § § | C.A. NO. 2:06cv492 |
| | § | |
| Defendants. | § § § | |

## DEFENDANT MICHAEL MCFARLAND'S MOTION TO DISMISS

Defendant Michael McFarland ("McFarland") moves to dismiss all of Plaintiff Marcellus Haynes' ("Haynes") claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

### STATEMENT OF THE CASE

Plaintiff brings suit against the Longview Independent School District and Michael McFarland, former principal, resulting from alleged sexual abuse by a subordinate employee of McFarland's while Plaintiff was a student at Longview High School. Plaintiff asserts violation of 42 U.S.C. § 1983, claiming denial of substantive due process and equal protection.[1] Plaintiff also charges violation of Title IX of the Educational Amendments of 1972.[2] For the reasons set forth below, Plaintiff's claims

---

[1] The case law cited by Plaintiff and the use of the words "personally liable" within the Complaint leads to the presumption that the § 1983 claim is brought against McFarland in his individual capacity, despite the lack of reference within the caption. *See* Complaint, ¶ 36.

[2] To the extent Plaintiff is asserting a Title IX claim against McFarland, dismissal is warranted, in that Title IX does not provide for a private cause of action against individuals. *See Smith v. Metropolitan Sch. Dist. Perry Township*,

against McFarland should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

**BACKGROUND**

Haynes is a former student of the Longview High School Campus, in Longview Independent School District ("LISD"), and at all times relevant to this matter McFarland was Principal of Foster Middle School ("Foster") and Sebrina Clark ("Clark") was an employee at Foster. *See* Complaint at ¶¶ 4, 12.

Haynes alleges that he became friends with Clark during the 2002/2003 school year "based upon Clark's regular attendance at and participation in Longview High athletic events" when Haynes participated. According to Haynes, the friendship advanced to a sexual relationship with Clark during the 2003/2004 school year. *Id* at ¶¶ 7, 8.

Haynes asserts that the sexual intercourse took place outside of regular school hours and off campus, but that "unlawful sexual touching of the breasts and genital areas took place on the Longview High School campus." *Id* at ¶ 9.

The Complaint asserts that McFarland "had knowledge of Clark's sexual relationship with Haynes" but "never pursued the reasonable and necessary steps to uncover [Haynes'] identity" and that his "inactions ran contrary to the policies set forth by LISD to handle such matters" by "failing to notify the LISD superintendent, the Title IX coordinator, any member of the LISD board of trustees, or any other LISD personnel or student with possible knowledge of the sexual relationship." *Id.* at ¶¶ 12, 14.

---

128 F.3d 1014, 1018 (7th Cir. 1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1400 n.8 (5th Cir. 1996) (noting that district courts within the Fifth Circuit hold that a Title IX claim may not be asserted against an individual), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc); *Lipsett v. Univ. of Puerto Rico*, 864

## STANDARD OF REVIEW

In considering a motion for failure to state a claim upon which relief may be granted, the Court is to take all facts pleaded by the Plaintiff as true and liberally construe the complaint in favor of the Plaintiff. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001) (citing *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1986)). Motions based on Rule 12(b)(6) of the Federal Rules of Civil Procedure "should not be granted unless 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." *Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). "The question therefore is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999), (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 601 (1969)), *cert. denied sub nom.*, 530 U.S. 1274, 120 S. Ct. 2740 (2000).

## ARGUMENT AND AUTHORITIES

This Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the Complaint clearly demonstrates that Plaintiff cannot prove any set of facts that would entitle him to relief. Plaintiff has attempted to state his claim based on deliberate indifference by McFarland. However, the factual allegations within the Complaint reflect sufficient action by McFarland responsive to the alleged abuse to negate deliberate indifference. Therefore, even if Plaintiff proves the facts alleged in the

---

F.2d 881, 901 (1st Cir. 1988); *Bowers v. Baylor Univ.*, 862 F. Supp. 142, 145-46 (W.D. Tex. 1994); *Doe v. Petaluma City School District*, 830 F. Supp. 1560 (N.D. Cal. 1993).

Complaint, Plaintiff cannot establish the requisite elements necessary to state a viable claim against McFarland under § 1983 and dismissal is warranted.

For purposes of analysis of McFarland's actions, *Doe v. Taylor,* 15 F.3d 443 (5th Cir.) (en banc), *cert. denied sub. nom*, *Lankford v. Doe*, 513 U.S. 815 (1994), is the instructive case law. In *Doe v. Taylor*, the Fifth Circuit promulgated the standard by which a supervisory school official may be held personally liable in an action under 42 U.S.C. § 1983 for an employee's sexual abuse of a student:

> A supervisory school official can be held personally liable for a subordinate's violation of an elementary or secondary school student's constitutional right to bodily integrity in physical sexual abuse cases if the plaintiff establishes that: (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate <u>pointing plainly toward the conclusion</u> that the subordinate was sexually abusing the student; and (2) the defendant <u>demonstrated deliberate indifference</u> toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student.

*Id*. at 454 (emphasis added).

As shown below, Plaintiff's complaint fails to state a valid claim against McFarland. Taking all facts as pled to be true, the requisite elements of actual knowledge and deliberate indifference as to McFarland cannot be met. It follows, therefore, that without evidence of knowledge and inaction by McFarland, Plaintiff cannot impose liability to McFarland for any alleged constitutional injury.

    1.    <u>Plaintiff's Complaint disproves that McFarland learned of facts "pointing plainly to the conclusion" that Clark was abusing Plaintiff.</u>

The Complaint provides an admission of critical importance: "assuming McFarland lacked actual knowledge of Haynes' identity as the victim of the on-going sexual assault, upon information and belief, McFarland never pursued the reasonable and necessary steps to uncover his identity."  *See* Complaint at ¶ 14.

Without identifiable victims the facts as plead are insufficient to charge McFarland with knowledge of "facts or a pattern of inappropriate sexual behavior by [Clark] pointing plainly toward the conclusion" that Marcellus Haynes was the victim of sexual abuse by Sebrina Clark.  Without this, the first prong of *Doe v. Taylor* cannot be met.  *See Hagan v. Houston Indep. Sch. Dist.,* 51 F.3d 48, 52-53 (5th Cir. 1995) (Fifth Circuit has recognized that evidence of a single alleged incident of sexual assault by a teacher does not constitute notice of facts or a pattern of inappropriate sexual behavior that points plainly toward conclusion that teacher was sexually abusing student.)

2. <u>Plaintiff cannot prove that McFarland acted with deliberate indifference, and thus cannot prove that McFarland caused any constitutional injury to Plaintiff.</u>

Even if one assumes, *arguendo*, that Plaintiff *can* meet the first prong, McFarland's actions, as articulated by Plaintiff, do not reflect deliberate indifference to Plaintiff's constitutional rights.  The Fifth Circuit reaffirmed *Doe v. Taylor*'s deliberate indifference standard in sexual abuse cases in *Doe v. Dallas Independent School District*, 153 F.3d 211 (5th Cir. 1998) by emphasizing it's heightened standard:

> The deliberate indifference standard is a high one.  Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity.  In [*Doe v.*] *Taylor*, we explained, "We can foresee many good faith but ineffective responses that might satisfy a school official's obligation in these situations, *e.g.*, warning the state actor,

5

notifying the student's parents, **or** removing the student from the teacher's class."

*Id.* at 219 (internal citation omitted) (emphasis added). Indeed, any one of the above actions (warning, parent notification or class removal) is sufficient to overcome a plaintiff's claim of deliberate indifference. The United States Supreme Court confirmed that it will not obligate an administrator to a particular course of action in order to avoid liability. *See Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 648, 119 S.Ct. 1661 (1999).

The Complaint – on its face – reflects sufficient action by McFarland responsive to what he allegedly knew to survive *Doe v. Taylor* scrutiny. The only knowledge McFarland is charged with in Plaintiff's Complaint is that Clark may have been having a sexual relationship with an unidentified student. *See* Complaint at ¶ 12. McFarland took that information and confronted her, avers Plaintiff. The Complaint states that "shortly thereafter, McFarland called Clark into his office on at least one occasion to discuss the relationship, including the information Reese provided to him. Clark denied the existence of the relationship, and McFarland warned Clark of the consequences if a relationship did, in fact, exist." *Id.* ¶ 13.   As such, it is undisputed that McFarland met with Clark and made an inquiry as to whether she had acted inappropriately with any student, and further, warned her to keep her relationships with students professional at all times. This meeting, by itself, negates any finding of deliberate indifference. The law obligates McFarland no further.

*Doe v. Taylor* only affixes liability where a school administrator fails to take action that was "obviously necessary to prevent or stop the abuse." *Doe v. Taylor*, 15

F.3d at 454. In light of the patently vague information provided to McFarland as articulated in the Complaint, the lack of an identifiable victim, and Clark's denial of the allegations, McFarland's act of meeting with Clark and warning her, as described above, shows that he was not deliberately indifferent to Plaintiff's constitutional rights. *Even in cases where the plaintiff can meet the first prong of Doe v. Taylor*, the Fifth Circuit holds that an administrator is not deliberately indifferent where he or she makes <u>some inquiry</u> into the allegations <u>and warns the employee</u> about inappropriate behavior. *See Doe v. Dallas*, 153 F.3d at 219 (finding that administrator was not deliberately indifferent where she warned the employee to examine his behavior and ensure that he was not doing anything that could be misinterpreted by a child); *Hagan.,* 51 F.3d 52-53 (finding that administrator was not deliberately indifferent where he warned the employee that he would recommend the employee's termination if there was reason to suspect a sexual relationship with the student at issue).

## CONCLUSION

Plaintiff's Complaint has failed to state a viable § 1983 claim against McFarland upon which relief can be granted.[3] The Complaint does not evidence that McFarland knowingly violated clearly established law. On the contrary, as alleged, McFarland's conduct was sufficient to negate any deliberate indifference and Plaintiff has failed to plead a viable claim.

---

[3] Plaintiff's Fourteenth Amendment claim is plead as both a substantive due process and an equal protection claim. *See* Complaint at ¶ 38. Since Plaintiff cannot establish a constitutional deprivation on substantive due process grounds, her equal protection claim based on the same facts should also be dismissed. *See Doe v. Taylor*, 15 F.3d at 458.

## PRAYER FOR RELIEF

For the reasons set forth above, Defendant Michael McFarland requests that the Court grant his Motion to Dismiss, dismiss Plaintiff's claims against him with prejudice, and award him any and all other relief to which he may be justly entitled.

Respectfully submitted,

FELDMAN & ROGERS, L.L.P.

_____
KELLI H. KARCZEWSKI
State Bar No. 08853530
MILES BRADSHAW
State Bar No. 02837450
222 N. Mound, Ste 2
Nacogdoches, Texas 75961
Telephone: (936) 569-2880
Facsimile: (936) 569-2802

ATTORNEYS FOR DEFENDANTS
LISD AND MICHAEL MCFARLAND

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via U.S. certified mail, return receipt requested, this 19th day of December, 2006, addressed as follows:

| | |
|---|---|
| William S. Hommel, Jr.<br>3304 S. Broadway, Suite 100<br>Tyler, Texas  75702 | Sean Greenwood<br>Christian, Smith & Jewell<br>2302 Fannin, Suite 500<br>Houston Texas  77002 |

_____
Counsel for Defendants

8