**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MARCELLUS HAYNES § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:06-CV-492 (TJW) |
| § | |
| LONGVIEW INDEPENDENT SCHOOL § | |
| DISTRICT, and MICHAEL MCFARLAND, § | |
| Defendants. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Longview Independent School District ("LISD") and Michael McFarland's ("McFarland") Motion to Transfer Venue (#7). Having considered the parties' written submissions, the Court DENIES the motion.

**I.    Background**

Plaintiff Marcellus Haynes ("Haynes"), a resident of Gregg County, Texas, filed this suit against LISD and McFarland asserting violations of 42 U.S.C. § 1983 and of 20 U.S.C. § 1681. The causes of action arose while Haynes was a student at Longview High School, which is also located in Gregg County. Gregg County is located in the Tyler Division of the Eastern District of Texas. The defendants have moved to transfer the case from the Marshall Division of the Eastern District of Texas to the Tyler Division.

**II.   Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.

2004). If so, under section 1404(a), a court examines the "convenience of the parties and witnesses." *Id*.

The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*. The private factors are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

### III.    Application of the Transfer Factors

The parties do not dispute that the plaintiff's claims could have been filed in the Tyler Division of the Eastern District of Texas. The Court now turns to the various transfer factors.

#### A.    Private Factors

##### 1.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a

factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff chose to bring their suit in Marshall. Accordingly, this factor weighs against transfer.

### 2. Convenience of the Parties and Witnesses

The parties and the witnesses, except for McFarland, are located in or around Longview, Texas. Longview is closer to Marshall than it is to Tyler. Accordingly, this factors weighs slightly against transfer.

### 3. The Place of the Alleged Wrong

The actions that give rise to the plaintiff's claim occurred in Longview, Texas. Longview, however, is closer to Marshall than to Tyler as discussed above. Accordingly, this factor weighs slightly in favor of transfer.

### 4. Cost of Obtaining the Attendance of Witnesses and the Availability of the Compulsory Process

The costs in obtaining the attendance of witnesses from Longview will not be much different if they have to travel to Marshall or to Tyler. Furthermore, no witnesses have been identified that would not be subject to this Court's jurisdiction. Accordingly, this factor is neutral as to transfer.

### 5. Availability and Location of Sources of Proof

The defendants claim that all the records are located in Gregg County, Texas. These records are likely to be stored in or around Longview, Texas. Records can easily be transferred to either Marshall or Tyler. This factor is neutral as to transfer.

### 6. Possibility of Prejudice or Delay

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and

convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  This is not a rare and exceptional case; therefore, this factor is neutral.

   B.   **Public Factors**

The Court finds that all the public factors, the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, the unfairness of burdening citizens in an unrelated forum with jury duty and the avoidance of unnecessary problems in conflict of laws, are neutral as to transfer.

**III.   Conclusion**

The defendants have not satisfied their burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case.  Accordingly, Defendants' Motion to Transfer Venue is DENIED.

   SIGNED this 14th day of February, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE