**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MARCELLUS HAYNES § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> LONGVIEW INDEPENDENT SCHOOL § <br> DISTRICT, and MICHAEL MCFARLAND, § <br>     Defendants. § <br> § | CIVIL ACTION NO. 2:06-CV-492 (TJW) |

## MEMORANDUM ORDER

Before the Court is Defendant Michael McFarland's ("McFarland") Motion to Dismiss (#8). After considering the parties' written submissions and the applicable law, the Court DENIES the motion.

**I.    Background**

Plaintiff Marcellus Haynes ("Haynes") filed this suit against Longview Independent School District ("LISD") and McFarland asserting violations of 42 U.S.C. § 1983 against the defendants and 20 U.S.C. § 1681 (Title IX of the Educational Amendments of 1972) against LISD. With respect to his claims against McFarland, Haynes alleges that McFarland violated his rights by demonstrating deliberate indifference in failing to take actions necessary to prevent or stop Sebrina Clark's ("Clark") sexual abuse of Haynes.

The causes of action arose while Haynes was a student at Longview High School and McFarland was the principal of Foster Middle School, where Clark was employed. Haynes asserts that he and Clark had a sexual relationship, but that Clark engaged in unlawful sexual touching on the Longview High School campus. According to Haynes, McFarland was aware of the sexual relationship, but never took reasonable and necessary steps to prevent or stop the sexual abuse.

**II.     Discussion**

"A motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). All facts pled in the complaint must be taken as true. *Id*. (citation omitted). The question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. (citation omitted).

For a supervisory school official to be held personally liable in an action under 42 U.S.C. § 1983 for an employee's sexual abuse of a student, the plaintiff must establish

> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student, (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student. *Doe v. Taylor Indep. School District*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc).

**A.     Knowledge of Facts**

McFarland points out that the complaint states "assuming McFarland lacked actual knowledge of Haynes' identity as the victim of the on-going sexual assault, upon information and belief, McFarland never pursued the reasonable and necessary steps to uncover his identity." McFarland argues that this statement in the complaint shows that he never knew the identity of the victim of sexual assault. According to McFarland, without an identifiable victim, he could not have knowledge of facts pointing to the conclusion that Haynes was being sexually abused by Clark.

In response, the plaintiff points out that the complaint alleges that McFarland heard rumors of a sexual relationship between Clark and Haynes, that a friend of Clark discussed the sexual

relationship with McFarland, and that McFarland called Clark into his office to discus the relationship. According to the plaintiff, these assertions imply that McFarland was aware of the sexual relationship with Clark.

The Court agrees with the plaintiff and concludes that the complaint alleges sufficient facts to support a conclusion that McFarland had knowledge of Clark's sexual abuse of Haynes.

  B.  **Deliberate Indifference**

McFarland argues that the complaint alleges that McFarland called Clark into his office to discuss the sexual relationship and warned Clark of the consequences of such a relationship. According to McFarland, an administrator cannot be deliberately indifferent when he or she makes some inquiry into the allegations and warns the employee about inappropriate behavior. *See Doe v. Dallas Indep. School District*, 153 F.3d 211, 219 (5th Cir. 1998); *Hagan v. Houston Indep. School District*, 51 F.3d 48, 52-53 (5th Cir. 1995). McFarland also argues that a verbal warning is sufficient to negate deliberate indifference. *See Doe v. Taylor Indep. School District*, 15 F.3d at 457 n.12, 458.

The plaintiff argues that *Doe v. Dallas Indep. School District* and *Hagan* do not stand for the proposition that inquiry and warning is sufficient to avoid a finding of deliberate indifference. The plaintiff also argues that *Doe v. Taylor Indep. School District* does not state that a verbal warning is sufficient to negate deliberate indifference. In all three cases, in addition to the inquiry and warning, the principal spoke with the victims and their family members. *See Doe v. Dallas Indep. School District*, 153 F.3d at 219; *Hagan*, 51 F.3d at 52-53; *Doe v. Taylor Indep. School District*, 15 F.3d at 458.

The Court agrees with the plaintiff. Deliberate indifference is often a fact intensive inquiry and it is impossible to draw bright lines on what constitutes deliberate indifference. *Doe v. Taylor*

*Indep. School District*, 15 F.3d at 457 n.12.  Accordingly, the Court concludes that the complaint sufficiently alleges facts that McFarland acted with deliberate indifference when, for example, he failed to discuss the issue with Haynes or refer the matter to other LISD personnel.

### C. Causation

The parties do not address the causation element.  Accordingly, the Court assumes that there is no dispute as to the plaintiff's allegations of causation.

## III. Conclusion

Based on the complaint, the plaintiff has stated a claim for which relief may be granted.  Accordingly, the motion is DENIED.

SIGNED this 26th day of February, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE