IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MARCELLUS HAYNES | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-492 |
| LONGVIEW INDEPENDENT SCHOOL DISTRICT AND MICHAEL MCFARLAND | § | |

**MEMORANDUM OPINION AND ORDER**

**1.    Introduction.**

A jury was empaneled on November 5, 2007 and a trial commenced on November 16, 2007 in the above-titled action with respect to the plaintiff's Title IX claims against the Longview Independent School District.  At the close of the plaintiff's case, the defendant moved for judgment as a matter of law. The court granted the Longview Independent School District's motion for the reasons stated in this opinion.

**2.    Factual Background and Procedural Posture.**

This case involves allegations that a teacher's aide employed by the Longview Independent School District ("LISD") sexually abused a minor student over the course of several months.  When the abuse began, the plaintiff, Marcellus Haynes ("Haynes"), was a student at the LISD High School campus.  Sebrina Clark ("Clark") was a teacher's aide employed by LISD at Foster Middle School, a separate school campus.  Clark and Haynes became friends during the 2001-2002 school year when Haynes was an eighth grade student at Foster Middle School.  The friendship continued through the next school year when Clark regularly attended Longview High School athletic events.  During the

2003-2004 school year, the friendship between Haynes and Clark turned into a sexual relationship. Sexual conduct between Clark and Haynes occurred both on and off of school property.

At an undetermined time during the 2003-2004 school year, Charlotte Reese, a coach/teacher at Foster Middle School, advised Michael McFarland, the principal at Foster Middle School, that she had overheard some students in the locker room discussing the fact that Clark was "hanging out" with a student and was "real tight" with a student. When Reese reported the matter to McFarland, Reese did not know the identity of the student involved and therefore could not report the identity of the student to McFarland. Instead, Reese reported to McFarland that she had overheard students talking about a possible relationship between Clark and a student.

When McFarland learned this information from Reese, he contacted Clark and questioned her. Clark denied any inappropriate relationship and further denied acting in a manner that would lead others to believe she was engaged in an improper relationship with a student. McFarland warned Clark of the consequences of such a relationship and told her he intended to investigate the facts brought to his attention.

Thereafter, McFarland put himself into positions where he, too, might be able to overhear students talking about an inappropriate relationship. He also made himself available to the students so they could share information with him. Despite his efforts, no additional information was brought to his attention. Although Reese later learned the plaintiff's identity, she did not report it to McFarland. Reese also testified that she did not report that there was a sexual relationship between Clark and a student.

Haynes never reported the abuse by Clark to any LISD employee or administrator. In an effort to protect Clark, Haynes repeatedly denied the existence of a relationship with Clark. Haynes

testified that he denied the existence of a relationship on at least three separate occassions when confronted by his athletic coaches during September 2003 while he was a student at Longview High School. McFarland first learned of these conversations when he was served with process in this case.

On June 16, 2004, the Longview Police Department contacted an LISD Assistant Superintendent and advised her that Clark had confessed on video to sexually assaulting a minor. LISD terminated Clark and reported her arrest to the State Board for Educator Certification. Clark eventually pleaded guilty to criminal charges arising out of the relationship, and this lawsuit followed.

The plaintiff sued the LISD and McFarland. The plaintiff sought relief under Title IX and § 1983 against the LISD.[1] The plaintiff sued McFarland under § 1983. LISD and McFarland filed a motion for summary judgment, in which McFarland raised the defense of qualified immunity. Before jury selection, the claims against McFarland were stayed pending the disposition of his qualified immunity defense. The court proceeded to trial on the claim against the LISD.

**3.    Legal Principles**.

    **A.    Judgment as a Matter of Law.**

Judgment as a matter of law for a party is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a); *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

    **B.    Title IX.**

In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), the United States

---

[1] Eventually, the plaintiff conceded he had no viable § 1983 claim against the LISD.

Supreme Court set forth the standard which governs this case:

> [W]e hold that a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails to adequately respond.

*Id.* at 290. The Court held that the inadequate response "must amount to deliberate indifference to discrimination . . . [i.e.], an official decision by the recipient not to remedy the violation[,]" and noted that "[c]omparable considerations" previously led the Court to adopt a deliberate indifference standard under Section 1983. *Id.* at 290-91 (citations omitted). Bearing this standard in mind, the court now turns to the evidence submitted in this case, viewed in the light most favorable to the plaintiff.

**4.     Analysis.**

Assuming *arguendo* that McFarland had actual knowledge of the fact that Clark was sexually abusing a student, the plaintiff must also establish that McFarland demonstrated deliberate indifference, e.g. McFarland's response or lack of response was clearly unreasonable to prevent or stop the abuse in light of all the known circumstance. The court considers the evidence of deliberate indifference in light of what limited information McFarland knew during the relevant time period. First, in response to Reese's conversation with him, McFarland immediately called Clark into his office for questioning. He talked to Ms. Clark about the information given to him. He attempted to develop facts from her that would allow him to further investigate the situation. He asked if she was having an inappropriate relationship. He also advised her he would be investigating the situation and warned her of the consequences of engaging in an improper relationship. Although Clark denied any wrongdoing, McFarland went further, and attempted to put himself in a position

to determine if anyone was talking about an inappropriate relationship. He made an effort to go down to the boys' locker room and stayed after school to ascertain whether anyone was talking about a relationship involving Clark and a student. He placed himself at or near the bus station and in the courtyard where he might overhear conversations about Clark and the student. He also invited certain teachers to tell him whether anything was going on around the Foster Middle School campus that he needed to know about. Despite these efforts, McFarland failed to learn anything further about the abuse. These efforts, although ineffective, were not culpable. Based on the limited evidence presented at trial by the plaintiff, the court cannot say that there is legally sufficient evidentiary basis for a reasonable jury to find McFarland demonstrated deliberate indifference. The court is mindful of the Fifth Circuit's directive that:

> The deliberate indifference standard is a high one. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity. In *Taylor*, we explained, "We can foresee many good faith but ineffective responses that might satisfy a school official's obligation in these situations, *e.g.*, warning the state actor, notifying the student's parents, or removing the student from the teacher's class."

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 219 (5th Cir. 1998). Under this record, McFarland's actions simply do not amount to deliberate indifference.

The plaintiff attempted to offer evidence pointing to testimony from the plaintiff's mother, LaShiela Cofer ("Cofer"), concerning a conversation she had with Reese during the summer of 2004. The LISD objected to the admissibility of such testimony as hearsay. The plaintiff contends that Reese's statements to Cofer were made by an agent or employee of LISD and are therefore admissible as admissions of a party opponent. The evidence shows that this conversation occurred on or around June 11, 2004. Reese testified that she left the LISD after the conclusion of the 2003-

5

2004 school year. The plaintiff did not present any evidence to show that Reese's employment contract extended past June 1, 2004. The court, therefore, sustained the hearsay objection and excluded the proffered evidence.

Because the court finds that no legally sufficient evidentiary basis exists for a reasonable jury to find that McFarland's actions amount to deliberate indifference, the remaining factors required to establish LISD's liability need not be addressed.

**5.     Conclusion.**

For the reasons stated herein, the court grants the LISD's motion for judgment as a matter of law. The court dismisses the Title IX claim against the LISD.

SIGNED this 19th day of December, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE