IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


| | | |
|---|---|---|
| MARCELLUS HAYNES | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-492 |
| LONGVIEW INDEPENDENT SCHOOL DISTRICT AND MICHAEL MCFARLAND | § | |

**MEMORANDUM OPINION AND ORDER**

1.      **Introduction.**

        The court grants Michael McFarland's motion for summary judgment (#40) for the reasons

stated in this opinion.

2.      **Factual Background and Procedural Posture.**

        This case involves allegations that a teacher's aide employed by the Longview Independent

School District ("LISD") sexually abused a minor student over the course of several months.  When

the abuse began, the plaintiff, Marcellus Haynes ("Haynes"), was a student at the LISD High School

campus.[1]  Sebrina Clark ("Clark") was a teacher's aide employed by LISD at Foster Middle School,

a separate school campus.  Clark and Haynes became friends during the 2001-2002 school year when

Haynes was an eighth grade student at Foster Middle School.  The friendship continued through the

next school year when Clark regularly attended Longview High School athletic events.  During the

2003-2004 school year, the friendship between Haynes and Clark turned into a sexual relationship.

Sexual conduct between Clark and Haynes occurred both on and off school property.

_____

        [1]      The plaintiff has now reached the age of majority.

At an undetermined time during the 2003-2004 school year, Charlotte Reese, a teacher at Foster Middle School, advised Michael McFarland, the principal at Foster Middle School, that she had overheard some students in the locker room discussing the fact that Clark was "hanging out" with a student and was "real tight" with a student.  When Reese reported the matter to McFarland, Reese did not know the identity of the student involved and therefore could not report the identity of the student to McFarland.  Instead, Reese reported to McFarland that she had overheard students talking about a possible relationship between Clark and a student.

When McFarland learned this information from Reese, he contacted Clark and questioned her.  Clark denied any inappropriate relationship and further denied acting in a manner that would lead others to believe she was engaged in an improper relationship with a student.  McFarland warned Clark of the consequences of such a relationship and told her he intended to investigate the facts brought to his attention.

Thereafter, McFarland put himself into positions where he, too, might be able to overhear students talking about an inappropriate relationship.  He also made himself available to the students so they could share information with him.  Despite his efforts, no additional information was brought to his attention.  Haynes never reported the abuse by Clark to any LISD employee or administrator.  In an effort to protect Clark, Haynes repeatedly denied the existence of a relationship with Clark when others asked him about it.

On June 16, 2004, the Longview Police Department contacted an LISD Assistant Superintendent and advised her that Clark had confessed on video to sexually assaulting a minor.  LISD terminated Clark and reported her arrest to the State Board for Educator Certification.  Clark eventually pleaded guilty to criminal charges arising out of the relationship, and this lawsuit

followed.

The plaintiff sued the LISD and McFarland.  The plaintiff sought relief under Title IX and § 1983 against the LISD.[2]  The plaintiff sued McFarland under § 1983.  LISD and McFarland filed a motion for summary judgment, in which McFarland raised the defense of qualified immunity. Before jury selection, the claims against McFarland were stayed pending the disposition of his qualified immunity defense.  The court proceeded to trial on the claim against the LISD.  At the conclusion of the plaintiff's evidence on liability, the court awarded judgment as a matter of law to the LISD.  The court now addresses McFarland's motion for summary judgment and, in particular, his claim to qualified immunity.

3.      **Legal Principles**.

    A.      **Summary Judgment Standards.**

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once a properly supported motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Questions of fact are viewed in the light most favorable to the non-movant.  *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 279 (5th Cir. 2001).  The law is settled that the non-movant must set forth facts that would be admissible in evidence at trial.  Inadmissible material will not be considered on a motion for summary judgment because it would not establish a genuine issue of fact at trial.  *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991).

---

[2]      Eventually, the plaintiff conceded he had no viable § 1983 claim against the LISD.

3

**B.     Qualified Immunity.**

In *Doe v. Taylor*, 15 F.3d 443 (5th Cir.)(en banc), *cert. denied sub. nom.*, *Lankford v. Doe*, 513 U.S. 815 (1994), the Fifth Circuit set forth the standard which governs this case:

> A supervisory school official can be held personally liable for a subordinate's violation of an elementary or secondary school student's constitutional right to bodily integrity in physical sexual abuse cases if the plaintiff establishes that: (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly to the conclusion that the subordinate was sexually abusing the student; and (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take such action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student.

*Id*. at 454.

Bearing this standard in mind, the court now turns to the evidence submitted in this case, viewed in the light most favorable to the plaintiff.

**4.     Analysis.**

Under *Taylor*, the first question is whether McFarland knew of facts or a pattern of inappropriate sexual behavior by Reese pointing plainly to the conclusion that Reese was sexually abusing a student.  The record establishes that McFarland had only limited information available to him.  The evidence shows that Reese and McFarland met only once concerning the relationship.  According to Reese's testimony, she told McFarland she had overheard rumors in the locker room which indicated that Clark was "real tight" with a student and had been "hanging out" with a student.  Although the students did not say that Clark was having sex with a student, Reese got the impression that it was more than a relationship.  She did not recall all of the specifics, but she testified that she did not know the identity of the student at that time.  Therefore, she felt confident she did not identify the plaintiff to McFarland.  She did, however, identify Clark by name.  Although Reese later

4

learned the plaintiff's identity, she did not report it to McFarland.  Reese also testified that she did not report that there was a sexual relationship between Clark and a student.

McFarland's testimony is consistent with Reese's recollection.  According to McFarland, Reese provided only limited information to him.  Reese told McFarland that she had overheard students saying that Clark was engaged in an inappropriate relationship with a student.  McFarland testified that Clark did not mention the plaintiff's name to him.  McFarland also testified that he asked Reese for more details, but Reese told him she did not have any more information.  Although the evidence demonstrates that an inappropriate relationship had been reported to McFarland, the plaintiff has not shown that McFarland knew of facts or a pattern of inappropriate sexual behavior by Clark pointing plainly to the conclusion that Clark was sexually abusing a student.  Summary judgment is therefore proper as to McFarland because the plaintiff has not established a triable issue of fact on the first element set forth by *Taylor*.

Assuming *arguendo* that McFarland did know of facts pointing plainly to the conclusion that Clark was sexually abusing a student, the plaintiff must also establish that McFarland demonstrated deliberate indifference toward the constitutional rights of the student by failing to take such action that was obviously necessary to prevent or stop the abuse.  The court considers the evidence of deliberate indifference in light of what limited information McFarland knew during the relevant time period.  That evidence falls short of establishing a triable issue of fact.

First, in response to Reese's conversation with him, McFarland immediately called Clark into his office for questioning.  He talked to Clark about the information given to him.  He attempted to develop facts from her that would allow him to further investigate the situation.  He asked if she was having an inappropriate relationship.  He also advised her he would be investigating the situation and

warned her of the consequences of engaging in an improper relationship.

Second, even though Clark denied any wrongdoing, McFarland did not accept her denial at face value.  He went further and attempted to put himself in a position to determine if anyone was talking about an inappropriate relationship.  He went to the boys' locker room and stayed after school to ascertain whether anyone was talking about a relationship involving Clark and a student.  He placed himself at or near the bus station and in the courtyard where he might overhear conversations about Clark and the student.  He also invited certain teachers to tell him whether anything was going on around the Foster Middle School campus that he needed to know about.

Although McFarland's efforts were ineffective to stop the abuse, they were not culpable.  Based on the limited information given to him, McFarland was not deliberately indifferent toward the constitutional rights of the plaintiff by failing to take such action that was obviously necessary to prevent or stop the abuse.  The court is mindful of the Fifth Circuit's directive that:

> The deliberate indifference standard is a high one.  Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity.  In *Taylor*, we explained, "We can foresee many good faith but ineffective responses that might satisfy a school official's obligation in these situations, *e.g.*, warning the state actor, notifying the student's parents, or removing the student from the teacher's class."

*Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 219 (5th Cir. 1998).  Under this record, McFarland's actions simply do not amount to deliberate indifference.

The plaintiff attempts to create a fact issue by pointing to testimony from the plaintiff's mother, LaShiela Cofer ("Cofer"), concerning a conversation she had with Reese during the summer of 2004.  Cofer testified that Reese told her that Reese had previously reported the relationship between Clark and the plaintiff to McFarland.  According to Cofer, Reese told her that Reese had

identified both Clark and the plaintiff by name to McFarland.   *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, at 10 and accompanying deposition excerpts.   The plaintiff urges that the court should consider this evidence and conclude that fact issues exist concerning (1) what McFarland knew and (2) the sufficiency of his response to this information.

McFarland objects to the admissibility of such testimony as hearsay.   The plaintiff counters that Reese's statements to Cofer were made by an agent or employee of LISD and are therefore admissible as admissions of a party opponent.   Alternatively, the plaintiff contends that the statements were made against the interest of the declarant, Reese, and therefore fall within an exception to the hearsay rule.   For the reasons that follow, the court sustains the hearsay objection.

The plaintiff has not shown that the statements are admissions of a party opponent.   First, the plaintiff has not established that Reese was an agent of McFarland–the party against whom the statement is offered.   *See* Fed. R. Evid. 801(d)(2)(excluding admission by a party opponent from definition of hearsay if the statement is offered against a party and, *inter alia*, is the party's own statement, a statement by a person authorized by the party to make the statement, or a statement by a party's agent or servant concerning a manner within the agency or employment relationship). Second, a review of Cofer's deposition reveals that the conversation between Ms. Cofer and Ms. Reese occurred in the summer of 2004, after the plaintiff had told his mother about the relationship. Although the plaintiff urges that Reese was employed by the LISD when she talked to Cofer, the plaintiff does not support his contention with any citation to the record.   *See* Plaintiff's Surreply to Defendants' Motion for Summary Judgment, at 4, n. 3.   Absent proof that Reese was an agent or employee of the LISD at the time she talked to Cofer, the court concludes that Reese's statements are not statements of either the LISD or McFarland such that they would be excluded from the

definition of hearsay.[3] *Edwards & Hanly v. Wells Fargo Securities Clearance Corp.*, 458 F. Supp. 1110 (S.D.N.Y. 1978), *rev'd on other grounds*, 602 F.2d 478 (2d Cir 1979), *cert. denied*, 444 U.S. 1045 (1980).

The plaintiff has also not shown that Reese's statements were against her interests so as to be admissible under an exception to the hearsay rule. Assuming that Reese is unavailable, the plaintiff must demonstrate that the statement was so far contrary to Reese's pecuniary or proprietary interest, or so far tended to subject Reese to civil or criminal liability, that Reese would not have made the statement unless she believed it to be true. Fed. R. Evid. 804. If anything, Reese's alleged statements to Cofer would have been consistent with her interests and are therefore not within the hearsay exception. As a result, the court sustains the hearsay objection and refuses to consider Cofer's statement concerning what Reese said to McFarland for truth of the matter asserted (i.e., that Reese had previously identified both Clark and the plaintiff by name). The court has accordingly evaluated the issue of notice to McFarland under the record as established by the admissible evidence. That record fails to show that McFarland knew of facts or a pattern of inappropriate sexual behavior pointing plainly to the conclusion that Clark was sexually abusing a student. Likewise, although McFarland's actions proved insufficient to stop the abuse inflicted on the plaintiff, the court cannot say that his actions were deliberately indifferent in light of what he knew. Summary judgment is therefore appropriate.

---

[3] The trial testimony in fact demonstrated precisely the opposite–Reese no longer worked for LISD by the summer of 2004.

**5.**     **Conclusion.**

For the reasons stated herein, the court grants McFarland's motion for summary judgment

(#40).  The court dismisses the § 1983 claim against him.

SIGNED this 20th day of December, 2007.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

9